## CRAWFORD et al. v. FIRST STATE BANK OF KETCHUM.

No. 17137—Opinion Filed Oct. 12 1926.

Rehearing Denied Dec. 21, 1926.

1. **Banks and Banking—Right of Collecting Bank to Charge Back Against Depositor's Account the Amount of Uncollectable Checks.**

The credit given the plaintiff by the bank under the circumstances of this case may be charged back to it in case of the inability of the bank to collect the money necessary to make the deposit good, unless the bank has been negligent in its duty to exercise ordinary care and diligence to make the collection.

2. **Same—Judgment for Collecting Bank Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Craig County; A. C. Brewster, Judge. ·

Action by J. M. Crawford (Hoffman Tie & Timber Company substituted as plaintiff) against First State Bank of Ketchum, Okla., for debt. Judgment for defendant and plaintiff brings error. Affirmed.

Jones & Randolph, for plaintiff in error.

O. L. Rider, for defendant in error.

Opinion by STEPHENSON, C. E. H. Braley, manager of the Hoffman Tie & Timber Company, on January 7th, mailed his check, drawn on the First National Bank of Allen, payable to the First State Bank of Ketchum. The check bore an indorsement on the lower left-hand corner in the following language: "For J. M. Crawford."

Following the usual custom in handling such an item, the check was credited to the account of J. M. Crawford, who drew his personal checks on the account for the payment of timber purchased for the Hoffman Tie & Timber Company. J. M. Crawford acted as agent for the Hoffman Tie & Timber Company in purchasing the timber, and in the disbursement of the proceeds from the checks, so deposited in the bank. Several checks had been deposited in the defendant bank and disbursed by Crawford for similar purposes prior to the date of the deposit of the check in controversy. The transaction in substance was a transfer of the funds of the Hoffman Tie & Timber Company from the First National Bank of Allen to the First State Bank of Ketchum, for the convenience, use, and benefit of the Hoffman Tie & Timber Company. The check in question was forwarded by the First State Bank of Ketchum, through the usual banking channels, to the Commerce Trust Company of Kansas City, which in turn forwarded it to the Depositors' State Bank of Allen for collection. The latter bank presented the check to the First National Bank of Allen and received payment. The Depositors' State Bank forwarded draft to the trust company for the proceeds of the check collected from the First National Bank of Allen, but before the proceeds from the draft reached the First State Bank of Ketchum, the Depositors' State Bank closed its doors. The First State Bank of Ketchum did not receive returns from the check deposited to the credit of J. M. Crawford. J. M. Crawford had checked out the equivalent of the check before the defendant received notice of the failure of the Depositors' State Bank of Allen. The check was charged back against the account of J. M. Crawford, and Braley later sent his check to balance the account. J. M. Crawford sued the First State Bank of Ketchum

for the amount represented by the $1,000 check, for the reason that he did not receive the returns from the check paid by the drawee. In the course of the trial, it developed that J. M. Crawford was merely the agent of the Hoffman Tie & Timber Company, and the latter was substituted as party plaintiff. The trial of the cause resulted in judgment for the defendant. The plaintiff has appealed the cause here, and assigns. as error for reversal, that the judgment is against the law and the evidence.

In substance, the evidence discloses that Braley used the First State Bank of Ketchum as h.s agent to enable the Hoffman Tie & Timber Company to transfer the funds of the latter from the First National Bank of Allen, for the use and benefit of the Hoffman Tie & Timber Company. The First State Bank of Ketchum under these circumstances would be liable only in the event that it was negligent in the employment of the means to accomplish the services it undertook to perform as agent for the timber company. The evidence shows no negligence in this respect, and shows that the check was forwarded for collection in the usual and ordinary manner. The act of Braley in sending a second check, later, to balance the account, after he was notified of the failure of the bank to receive the proceeds from the check, shows that Braley did not treat the relation of the defendant bank as that of a debtor. · We think the receiving of the check, and crediting the account of Crawford under the circumstances with an amount equal to the check, did not create the relationship of debtor and creditor between the parties. The evidence brings this case within the rules applied in the case of Bank of Big Cabin v. English, 27 Okla. 334, 111 Pac. 386, which operates to cause the affirmance of this appeal.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 604, §255. (2) 4 C. J. p. 1129, §3122.